**Joseph GIAR, Plaintiff–Appellant,**

v.

**CENTEA, a division of KBC Bank, NV, Defendant–Appellee.**

No. 03–7546.

United States Court of Appeals, Second Circuit.

Jan. 29, 2004.

Richard L. Koral, New York, NY, for Appellant.

David M. Schlecker (Stanley A. Bowker, of counsel), Anderson Kill & Olick, P.C., New York, NY, for Appellee.

PRESENT: OAKES, CABRANES, Circuit Judges and AMON, District Judge.[*]

## SUMMARY ORDER

In this diversity case governed by New York State and Belgian law, Joseph Giar, an American citizen, brought suit against Centea, a business located solely in Belgium, alleging that Centea knowingly made false accusations about plaintiff to Belgian criminal justice authorities and that these accusations led to plaintiff's false arrest and imprisonment in Athens, Greece. Plaintiff served process on KBC Bank, the parent company of Centea, which is a Belgian corporation licensed to do business in the State of New York and which maintains a regular place of business within New York.

Centea moved to dismiss the complaint for lack of personal jurisdiction and insufficient service of process, stating that Centea is an entity independent from KBC Bank. The District Court granted defendant's motion and denied plaintiff the opportunity to engage in jurisdictional discovery.

On appeal, plaintiff argues (1) that he pleaded allegations sufficient to establish personal jurisdiction over Centea by showing that KBC Bank is an involuntary agent for Centea for service of process; and (2) that, even if his allegations are insufficient to establish jurisdiction over Centea, the allegations are sufficient to warrant jurisdictional discovery.

The standard governing our review of the District Court's dismissal of plaintiff's complaint for lack of personal jurisdiction is clear error for its factual findings and *de novo* for its legal conclusions. *See, e.g., U.S. Titan, Inc. v. Guangzhou Zhen Hua Shipping Co.*, 241 F.3d 135, 151 (2d Cir. 2001). We review the Court's denial of jurisdictional discovery for an abuse of discretion. *See, e.g., Lehigh Valley Indus., Inc. v. Birenbaum*, 527 F.2d 87, 93–94 (2d Cir.1975).

Having considered the material submitted by the parties and heard oral argument of counsel, we conclude that the District Court did not err in dismissing the complaint for lack of personal jurisdiction and insufficient service of process, and that the Court did not abuse its discretion in denying jurisdictional discovery.

Accordingly, the judgment of the District Court is hereby AFFIRMED.

[*] The Honorable Carol B. Amon of the United States District Court for the Eastern District of New York, sitting by designation.